IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Aleathia Gatewood, | ) | C/A No.: 8:10-000538-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Aleathia Gatewood, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in July of 2007, alleging disability since October 1 of 2005 due to back and shoulder disorders, asthma, and bipolar disorder. The onset date was amended at the hearing to January 7, 2006. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on May 7, 2009. The ALJ thereafter denied plaintiff's claims in a decision issued July 31, 2009. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant was 31-years-old on the alleged onset date. She has a high school education. Her past work experience includes employment as an automotive assembler and a cutting room laborer. Plaintiff asserts that the Commissioner applied an incorrect legal standard and failed to give proper weight to the opinions by the plaintiff's treating physician, Dr. Gal Margalit; failed to conduct a proper RFC assessment; failed to consider the vocational consequence of Plaintiff's pain; and failed to make a proper credibility determination.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents

her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.
2. The claimant has not engaged in substantial gainful activity since January 7, 2006, the alleged onset date (20 CFR 404.1571 *et seq*.).
3. The claimant has the following severe impairments: disorders of the spine, asthma, disorders of the right shoulder, bipolar disorder, and right cubital tunnel syndrome (20 CFR 404.1520(c) and 416.920(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). I find claimant can lift 20 pounds occasionally and 10 pounds frequently, and can sit, stand, and walk for 6 hours each of an 8 hour work day. I also find claimant can frequently stoop, kneel, crouch, balance, and climb ramps and stairs, and can occasionally crawl and climb ladders, ropes, and scaffolds. I additionally find claimant can frequently handle and finger with the right hand, and occasionally perform overhead reaching with the right arm. I further find claimant must avoid concentrated exposure to fumes, odors, dusts, gases, and extreme heat, and is limited to performing simple, routine, repetitive tasks with occasional public interaction.
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
7. The claimant was born on January 20, 1974 and was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).
8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404,Subpart P, Appendix 2).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969a).
11. The claimant has not been under a disability, as defined in the Social Security Act, from January 7, 2006 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge.  On May 11, 2011, Magistrate Jacquelyn D. Austin filed a report and recommendation ("R&R") suggesting that the action should be remanded to the Commissioner to properly evaluate the opinion of Plaintiff's treating physician, reconsider the RFC evaluation when considering the plaintiff's impairments in combination, include pain in the hypothetical to the vocational expert, and re-evaluate Plaintiff's credibility concerning allegations of pain.  The defendant timely filed objections to the R&R on May 31, 2011. The plaintiff filed a Reply on June 14, 2011.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In his objections to the R&R, the commissioner claims the magistrate judge erred in recommending that the case be remanded for further findings as to the opinion of the treating physician. The defendant argues that the ALJ adequately evaluated Dr. Margalit's opinions and reasonably accorded diminished weight to portions of them for legitimate reasons.  Defendant further asserts that the ALJ engaged in a legally sufficient analysis of the plaintiff's combined impairments in regard to the RFC. Finally, the defendant asserts that the ALJ adequately accounted for the plaintiff's limitations

from pain by limiting her to light work and that the hypothetical question was sufficient.

**Treating Physician**

The Magistrate Judge recommended a remand to the ALJ to properly evaluate the evidence regarding the treating physician, Dr. Margalit, and explained:

> The ALJ is obligated to evaluate and weigh medical opinions "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Courts typically "accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." *Id.* (quoting *Mastro*, 270 F.3d at 178). While the ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, *Craig*, 76 F.3d at 590, the ALJ must still weigh the medical opinion based on the factors listed in 20 C.F.R. § 404.1527(d).
> Here, the ALJ failed to provide any discussion of how he weighed the factors when giving Dr. Margalit's opinion little weight. In fact, though not specifically stated, it seems the ALJ afforded the state's non-examining physician's opinion more weight than the opinion of Dr. Margalit, one of Plaintiff's examining and treating physicians. [R. 17 (affording the treating physician's opinion only "little weight" but the non-examining physicians's opinions "some weight").]

(Report, pages 28-29).

Prior Fourth Circuit precedent had established the weight which an ALJ must accord to an opinion of a treating physician. Under the "treating physician rule," the opinion of a claimant's treating physician must "be given great weight and may be disregarded only if there is persuasive contrary evidence." *Coffman*, 829 F.2d at 517; *see also Wilkins v. Secretary, Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991); *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986). On August 1, 1991, the Social Security Administration promulgated a regulation entitled "Evaluating medical opinions about your impairment(s) or disability." 20 C.F.R. § 404.1527. This regulation supersedes the Fourth Circuit's "treating physician rule." *See Shrewsbury v. Chater*, 1995 WL 592236 at *9 n.5

(4th Cir. 1995) (unpublished) ("As regulations supersede contrary precedent, the cases cited by Shrewsbury defining the scope of the 'treating physician rule' decided prior to 20 C.F.R. § 416 and related regulations are not controlling.") (citation omitted).

The legal standard which applies is contained in 20 C.F.R. § 404.1527. Under section 404.1527, the opinion of a treating physician is entitled to more weight than the opinion of a non-treating physician. It is only given controlling weight, however, if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). This standard, of course, is more stringent than the old "treating physician rule," which accorded a treating physician's opinion controlling weight unless the record contained persuasive evidence to the contrary. *See Coffman*, 829 F.2d at 517.

Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

In this case, Plaintiff argues that the treating physician rule should be applied to the opinion of Dr. Margalit, a physician who treated her on a regular basis for over three years. In 2008, Dr. Margalit testified by deposition that the plaintiff did not have the ability to perform sedentary or light work and indicated that she could carry less than 10 pounds occasionally, standing/walking less than 2 hours in an eight-hour day, and sitting less than six hours in an eight-hour day, and sitting less than six hours

7

in an eight-hour day. In addition, he indicated the plaintiff had other limitations. (Tr. 566-67).  In 2009, he gave his medical opinion in a disability evaluation that the plaintiff had not significantly improved since 2008 and that she was "an unlikely candidate to be able to function even at the sedentary level". He further states that she was unable to work "now and in the foreseeable future."  (Tr. p. 591). The ALJ gave these opinions "little weight" on the basis that the physician provided more restrictions in 2008 and 2009 than he did in 2006, shortly after the automobile accident (R. p. 17). He also referred to the fact that in 2006 Dr. Margalit had mentioned the lack of "limited duties" at her past relevant work and found this to be inconsistent with the later opinion that the claimant could not do sedentary or light work. Finally, he referred to the inclusion by Dr. Margalit of the claimant's bipolar disorder in his list of reasons why she could not perform light or sedentary work.

Because the ALJ did not give the opinions by Dr. Margalot controlling weight, he was required to consider each of the factors in 20 C.F.R. § 404.1527(d) in evaluating his opinion.  He failed to do so.  Therefore, the case is remanded for that purpose.

**RFC Assessment**

The Magistrate Judge found that the ALJ erred in assessing the plaintiff's residual functional capacity because he "failed to discuss the effect of the claimant's impairments *in combination* and what additional restrictions those combinations may impose." (Objections, p. 3). This Court agrees. Therefore, the case is remanded for a reconsideration of the claimant's RFC in compliance with SSR 96-8.

**Vocational Consequence of Claimant's Pain**

The defendant also objects to the Magistrate's recommendation that the case should be remanded for posing an appropriate question to the VE regarding the vocational consequence of

Plaintiff's pain. Defendant contends that the ALJ properly refused to include pain in the hypothetical question because he did not find those allegations to be credible. Since the case is being remanded for appropriate findings regarding the weight to be afforded Dr. Margalit's opinions and regarding the plaintiff's RFC, the ALJ should re-evaluate the plaintiff's complaints of pain. After utilization of the proper analysis, the ALJ should pose an accurate question to the VE. *See Craig v. Chater*, 76 F.3d 585, 591-92 (4th Cir. 1996); SSR 96-7p; *Smith v. Bowen*, 869 F.2d 594, 1989 WL 14265 at *3 (4th Cir. 1989)(unpublished).

## **Conclusion**

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference, as modified. The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED**.

                                                                        s/R. Bryan Harwell
                                                                       R. Bryan Harwell
                                                                       United States District Judge

August 30, 2011
Florence, South Carolina